# In the United States Court of Federal Claims

No. 23-1424

Filed: September 28, 2023

| |
|---|
| **HERNDON HUNT OUTLAW RIDDLE,** *Plaintiff,* v. **THE UNITED STATES,** *Defendant.* |

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Herndon Hunt Outlaw Riddle ("Mr. Riddle") seeks relief related to his arrest and incarceration; he further alleges breach of contract. (Compl. at 3–4, ECF No. 1). Mr. Riddle claims to be a North Carolina national, and therefore foreign to the United States and its jurisdiction.[1] (*Id.* at 2). Based on the United States' alleged lack of jurisdiction over him, Mr. Riddle claims that his arrest and continued imprisonment were illegal under the criminal code

---

[1] Mr. Riddle's Complaint and supporting documents echo that of the sovereign citizen movement. This movement consists of "extremists who believe that even though they physically reside in this country, they are separate or 'sovereign' from the United States." Fed. Bureau Investigation, *Domestic Terrorism: The Sovereign Citizen Movement*, (Apr. 13, 2010), https://archives.fbi.gov/archives/news/stories/2010/april/sovereigncitizens_041310/domestic-terrorism-the-sovereign-citizen-movement; *see also* Christine M. Sarteschi, *Sovereign citizens: A narrative review with implications of violence toward law enforcement*, (Sept. 24, 2020), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7513757/ ("This paper . . . takes the position that any individual who is legally considered to be a citizen of the [United States] and who simultaneously believes that the [United States] is not a legitimate government, and as a result of that illegitimacy, believes themselves to be immune to all [United States] laws, is to be considered a sovereign citizen."). Mr. Riddle signals his affiliation in this movement with multiple features of his Complaint and supporting documents, including his use of a red fingerprint, utilizing UCC terms "without recourse" and "secured creditor," and spelling his name in all capital letters or interspersed with colons. (Compl. at 1, 2, and 5); *see* Fed. Bureau Investigation's Counterterrorism Analysis Section, *Sovereign Citizens: A Growing Domestic Threat to Law Enforcement*, (Sept. 1, 2011), https://leb.fbi.gov/articles/featured-articles/sovereign-citizens-a-growing-domestic-threat-to-law-enforcement. Though Mr. Riddle proclaims his sovereignty, and thus immunity to United States law, he nevertheless invokes the authority of the United States in his entreaty to be paid over $2.3 billion.

and international law.[2] (*Id*. at 3; Compl. Ex. B at 7–8, ECF No. 1-2).[3] Additionally, Mr. Riddle alleges that the United States breached contractual obligations when it did not release him from custody. (Compl. at 4). Mr. Riddle seeks $2,350,000,000 and a full and unconditional release from custody. (*Id*. at 5). Given that the Court lacks subject-matter jurisdiction over his claims, the Court dismisses his Complaint pursuant to RCFC 12(h)(3).

The Court has an "independent obligation" to ensure subject-matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The Tucker Act is the principal statute governing this Court's jurisdiction. 28 U.S.C. § 1491. The Tucker Act grants this Court jurisdiction over claims (1) founded on an express or implied contract with the United States; (2) seeking refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the government. 28 U.S.C. § 1491(a)(1); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). However, the Tucker Act is merely jurisdictional and does not create a substantive right enforceable against the United States. *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). To come within the Court's jurisdictional reach, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher*, 402 F.3d at 1172. Although a pro se plaintiff's pleadings are generally held to "less stringent standards" than those of a lawyer, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), leniency cannot be extended to relieve a pro se plaintiff of the jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Under RCFC 12(h)(3), this Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."

None of Mr. Riddle various claims regarding the legality of his arrest and incarceration create a substantive right to money damages. (*See* Compl. at 3–4). A money-mandating claim "exists if the statute, regulation, or constitutional provision that is the basis for the complaint 'can fairly be interpreted as mandating compensation by the Federal Government.'" *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1307 (2008) (quoting *Mitchell*, 463 U.S. at 212). Mr. Riddle explicitly states that his claim is not one for unjust conviction pursuant to 28 U.S.C. § 1495, even though that statute could potentially grant him jurisdiction.[4]

---

[2] Mr. Riddle is incarcerated at Federal Correctional Institution (FCI) Petersburg in Petersburg, Virginia. (Compl. Ex. I).

[3] Mr. Riddle provided an alphabetized Exhibit list on the Cover Page attached to his Complaint. (ECF No. 1-1). Citations to the Exhibits in this opinion are from that Exhibit list. Thus, the Court will cite to those documents using "Compl. Ex. __."

[4] 28 U.S.C. § 1495 provides: "The United States Court of Federal Claims shall have jurisdiction to render judgement upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." To trigger jurisdiction under § 1495, a plaintiff must also meet the jurisdictional requirements of 28 U.S.C. § 2513. Section 2513 requires that a person allege and prove that his conviction has been reversed or set aside on the ground that he is not guilty of the offense that he was convicted for. 28 U.S.C. 2513(a). Plaintiffs can also establish jurisdiction under section 2513 by alleging that they "did not commit any of the acts charged," that their conduct did not constitute "offense against the United States, or any State,

(Compl. at 4). Mr. Riddle's claim to monetary damages is based on assertions that he is foreign to the jurisdiction of the United States, his arrest was fraudulent, and his continued imprisonment is a form of peonage and involuntary servitude. (Compl. Ex. B at 7, 8, and 10).

The Court lacks subject-matter jurisdiction to review Mr. Riddle's claim based on the criminal code. Mr. Riddle claims that his arrest and incarceration violated 18 U.S.C. § 1581, which outlaws peonage. (Compl. at 3; Compl. Ex. B at 7). However, this Court cannot "adjudicate any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). Therefore, Mr. Riddle's criminal claim must be dismissed.

The Court also lacks subject-matter jurisdiction to review Mr. Riddle's claim based on Article 4 of the Universal Declaration of Human Rights ("UDHR"). (Compl. at 3; Compl. Ex. B at 8). The United Nations General Assembly adopted the UDHR on December 10, 1948, and committed itself to protect fundamental human rights. G.A. Res. 217A (III), U.N. Doc. A/810 (1948). Article 4 of UDHR states that "[n]o one shall be held in slavery or servitude; slavery and the slave trade shall be prohibited in all their forms." *Id.*, art. IV. The UDHR is not a legally binding document, and it does not provide a private cause of action for money damages. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004). Mr. Riddle also cites to the American Convention on Human Rights ("ACHR"): "Pact of San Jose, Costa Rica." (Compl. at 3; Compl. Ex. B at 8). However, the United States is not a party to this convention and, like the UDHR, the ACHR is not a money-mandating statute, regulation, or constitutional provision that confers jurisdiction to this Court. *Prohet v. United States*, 106 Fed. Cl. 456, 464 (2012). As such, the Court must dismiss Mr. Riddle's claims based on the UDHR and ACHR. *Gimbernat v. United States*, 84 Fed. Cl. 350, 354–55 (2008).

Mr. Riddle also alleges that the United States breached contractual obligations when it did not meet his demands for release. (Compl. at 4). This claim must be dismissed as well. The four elements of a federal government contract are: "(1) mutuality of intent to contract, (2) consideration, (3) lack of ambiguity in offer and acceptance, and (4) authority on the part of the government agent entering the contract." *Suess v. United States*, 535 F.3d 1348, 1359 (Fed. Cir. 2008). Contract requirements with the United States are the same for both express and implied-in-fact contracts. *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001).

Contract law requires "that each party manifest assent with reference to the manifestation of the other." Restatement (Second) of Contracts § 23. It "does not permit one to send unsolicited letters to the government (or anyone else) declaring that failure to respond to the letter constitutes both formation and breach of a contract." *Ibrahim v. United States*, 799 F. App'x 865, 868 (Fed. Cir. 2020). Mr. Riddle did just that. Mr. Riddle claims that the United States accepted his contract offer through silence and acquiescence, and that the United States' failure to perform after sixty days established a breach of contract claim. (Compl. at 4). The United States' silence cannot be an acceptance of Mr. Riddle's contract offer. *Ibrahim*, 799 F.App'x at 868. Consequently, the United States' failure to perform the alleged contractual obligation cannot be considered a breach, since there was no existing contract between the United States and Mr. Riddle. *Id.* Therefore, Mr. Riddle's breach of contract claim must be dismissed for failure to state

---

Territory or the District of Colombia," and that their "misconduct or neglect [did not] cause or bring about [their] own prosecution." *Id*.

a claim. *See Jolly v. United States*, 2023 U.S. Claims LEXIS 1978 at *15 (Fed. Cl. Aug. 23, 2023) ("A court may dismiss a complaint sua sponte for failure to state a claim when additional proceedings would not enable plaintiff to prove entitlement to relief."); *see also Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006).

For the stated reasons, Mr. Riddle's Complaint, (ECF No. 1), is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(h)(3) and for failure to state a claim. The Clerk **SHALL** enter judgment accordingly. The Clerk is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge